CLD-161                                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3512
_____

UNITED STATES OF AMERICA

v.

JAIME GONZALEZ,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1:95-cr-00052-001)
District Judge: Honorable Gregory B. Williams

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

July 9, 2026
Before: BIBAS, PHIPPS, and NYGAARD, *Circuit Judges*

(Opinion filed: July 20, 2026)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Jaime Gonzalez, a federal prisoner proceeding pro se, appeals the District Court's denial of his motion for compassionate release filed pursuant to 18 U.S.C. § 3582. We will summarily affirm.

In 1995, Gonzalez was tried and convicted on charges of interstate transportation of an explosive device, 18 U.S.C. § 844(d)(2), and traveling in interstate commerce with intent to promote the Delaware state offense of arson, 18 U.S.C. § 1952. *See United States v. Gonzalez*, 938 F. Supp. 1199, 1201 (D. Del. 1996). He was sentenced to life in prison on the first count, and a concurrent term of five years' imprisonment on the latter count. He unsuccessfully challenged his conviction and sentence on direct appeal, *see United States v. Gonzalez*, 127 F.3d 1097 (3d Cir. 1997) (unpublished table decision), *cert. denied*, 522 U.S. 1137 (1998), and under 28 U.S.C. § 2255, *see United States v. Gonzalez*, C.A. No. 20-2407 (order entered on March 4, 2021). Gonzalez also filed multiple motions seeking to vacate or reduce his sentence. None were successful.

In 2022, Gonzalez filed a motion for compassionate release. The Government filed a brief in opposition, and Gonzalez moved twice to supplement his motion with medical records. The District Court granted Gonzalez's motions to supplement but denied his motion for compassionate release on the grounds that his medical conditions do not present extraordinary and compelling reasons warranting such relief, and that the factors set out in 18 U.S.C. § 3553(a) weigh against a reduction in his sentence. Gonzalez appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1] We review the District Court's decision for abuse of discretion and will not disturb that decision absent "a definite and firm conviction that [the District Court] committed a clear error of judgment[.]" *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm the District Court's decision if the appeal fails to present a substantial question. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court did not abuse its discretion in determining that Gonzalez failed to show "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). A prisoner's health may constitute an "extraordinary and compelling reason," when the prisoner is suffering from "a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility" or requires "long-term or specialized medical care that is not being provided." U.S.S.G. § 1B1.13(b)(1)(B), (b)(1)(C).[2] Gonzalez contends that he suffers from "chronic hypertension, [an] enlarged prostate, and chronic silent stroke," and that these conditions—in combination with the risk of COVID-19— constitute "extraordinary and compelling" circumstances. ECF 201 at 3-4. But, the

---

[1] Since it appears that Gonzalez filed his notice of appeal within 14 days of receiving the District Court's order, *see* Fed. R. App. P. 4(b); *United States v. Grana*, 864 F.2d 312, 313 (3d Cir. 1989), and the Government agrees that the appeal is timely, *see Gov't of V.I. v. Martinez*, 620 F.3d 321, 328-29 (3d Cir. 2010) (explaining that Rule 4(b)'s time limit is not jurisdictional); we resolve the appeal on the merits.

[2] Although the Sentencing Commission's interpretation is "not binding on prisoner-initiated motions" for compassionate release, it "sheds light on the meaning of extraordinary and compelling" and thus "guide[s] discretion[.]" *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

District Court explained, Gonzalez's medical records showed that he "is active, exercises, and receives regular medical care for his conditions," ECF 213 at 11, which "do not seriously impact his activities of daily living or his self-care." *Id.* at 13; *see, e.g.,* ECF 204 at 4 (prison medical records from August 2022 stating that Gonzalez described himself as "very active" and reported exercising "almost every day without problems"). And, though his conditions may put him at a higher risk of serious illness from COVID-19, the District Court reasonably determined that Gonzalez's refusal to receive the vaccine, belied his contention that extraordinary and compelling reasons justify his release. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (reasoning that "a prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release"); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of [a disease like] COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify release."). We also agree that Gonzalez's contention that "his post-conviction behavior, in and of itself, demonstrates extraordinary and compelling reasons warranting consideration for a sentence reduction," ECF 201 at 11, is unpersuasive. *See United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) (explaining that "rehabilitation cannot 'by itself' serve as an extraordinary and compelling reason").

Moreover, even assuming that Gonzalez could show extraordinary and compelling reasons that would warrant a reduction under § 3582(c)(1), we discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors did not support

release. The District Court reasonably concluded that several factors—including the nature and circumstances of the offense and the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to promote respect for the law—weighed against compassionate release. *See* 18 U.S.C. § 3553(a)(1), (2); *see also Pawlowski*, 967 F.3d at 330-31 (denying motion for compassionate release considering, inter alia, the seriousness of the defendant's crimes and need to promote respect for the law).

Accordingly, we will summarily affirm the judgment of the District Court.